**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

APPALACHIAN POWER COMPANY, INC.,

        Plaintiff,

v.                                 CIVIL ACTION NO.   5:15-cv-11864

FRONTIER WEST VIRGINIA, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant James Galati's *Motions to Realign the Parties, Dismiss for Lack of Subject Matter and Personal Jurisdiction, and to Exercise Court's Discretion to Dismiss under 28 U.S.C. § 2201* (Document 6), the accompanying exhibits, the *Memorandum in Support* (Document 7), and *Plaintiff Appalachian Power Company, Inc.'s Response in Opposition to Defendant James Galati's Motions to Realign the Parties, Dismiss for Lack of Subject Matter and Personal Jurisdiction, and to Exercise Court's Discretion to Dismiss Under 28 U.S.C. § 2201* (Document 11).   The Court has also reviewed the Plaintiff's *Complaint* (Document 1).   For the reasons stated herein, the Court finds that the motion to dismiss should be granted.

**FACTUAL AND PROCEDURAL HISTORY**

Appalachian Power Company, Inc. ("APCo") commenced this action on August 6, 2015, and alleges that on or around September 3, 2014, the Defendant, James Galati, was an employee of co-Defendant Frontier West Virginia, Inc. ("Frontier"), and was injured while working. (Compl. at ¶8-9.)    As a result of his injuries, APCo alleges that Mr. Galati has received over $79,775 in workers compensation benefits from American Casualty Company of Reading, Pennsylvania ("CNA").   (*Id*. at ¶12.)   APCo alleges that CNA is currently pursuing recovery

from APCo for benefits paid to Mr. Galati.   (*Id*. at ¶13.)   According to APCo, Mr. Galati was seriously injured while climbing a rotten utility pole owned by APCo.   (*Id*. at ¶9-11.)   A Frontier communications line was attached to the pole.   (*Id.* at ¶8.)   At the time of Mr. Galati's injury, APCo and Frontier operated under an *Agreement Covering the Joint Use of Poles* (the "Pole Agreement"), which stipulated that each party would be liable for a proportional share of negligence or fault for "all damages resulting from injuries to persons" which result from "the concurrent negligence of the parties," or from "causes that cannot be traced to the sole negligence of the parties."   (*Id*. at ¶15-16.)   Under the Pole Agreement, if either party is solely negligent, that party is liable to the other for indemnification.   (*Id*. at ¶17.)   The Complaint alleges that Mr. Galati failed to properly inspect the pole prior to climbing, that this failure constitutes negligence as a matter of law, and that Mr. Galati's negligence must be imputed to Frontier by virtue of Mr. Galati's employment.   (*Id*. at ¶18-22.)   The Complaint further alleges that Frontier had a duty to properly train Mr. Galati.   (*Id*. at ¶22-26.)   APCo alleges that Frontier negligently failed to satisfy these duties, and that Mr. Galati's injuries were the "direct and proximate result" of such negligence.   (*Id*. at ¶27-30.)

APCo seeks declaratory relief from the Court.   Specifically, APCo asks the Court to find that Mr. Galati's accident was caused by the "sole negligence" of Frontier and Mr. Galati, and that APCo is entitled to indemnification from Frontier for all claims asserted by CNA and Mr. Galati. (*Id*. at ¶32-33.)   Further, if the Court were to find APCo negligent, APCo requests a determination that it is entitled to contractual contribution from Frontier.   (*Id*. at 34.)   APCo asserts that jurisdiction in this Court is proper under 28 U.S.C. §1332, and under the Declaratory Judgment Act, 28 U.S.C. §2201.   In support of diversity jurisdiction, APCo alleges that it is a Virginia

2

Corporation with its principal place of business in Columbus, Ohio, that Defendants Frontier and Mr. Galati are citizens of West Virginia, and that CNA is a foreign corporation engaged in the sales of insurance products in West Virginia.   (*Id*. at ¶1-4.)   APCo also alleges that because Mr. Galati has received over $75,000 in compensation from CNA, its complaint satisfies the amount in controversy requirement of 28 U.S.C. §1332.   (*Id*. at ¶5, 12.)

On August 25, 2015, Mr. Galati brought suit against APCo, Frontier, and other defendants in the Circuit Court of Wyoming County, West Virginia.[1]   (Galati *Complaint*, att'd as Ex. 1 to Def. Mot. to Dismiss, at 1.)   Mr. Galati alleges that APCo and Frontier were negligent, and, thus, liable for his injuries.   (*Id*.)

On September 1, 2015, Mr. Galati moved herein to dismiss APCo's Complaint under Rule 12(b)(1) and (2) of the Federal Rules of Civil Procedure, requested that the Court realign the parties, with Mr. Galati as plaintiff and Frontier, APCo, and others as defendants, and requested that the Court exercise its discretion under 28 U.S.C. §2201 and decline to grant APCo declaratory relief.   (Def. Mem. in Supp. of Mot. to Dismiss, at 2.)

## APPLICABLE LAW

The federal diversity jurisdiction statute, 28 U.S.C. §1332(a), provides in relevant part that a district court shall "have original jurisdiction of all civil actions where the matter in controversy exceeds … $75,000 and is between (1) citizens of different States;" and "(2) citizens of a State and citizens or subjects of a foreign state…" 28 U.S.C. §1332(a).   Because no federal question is present, the parties before the Court must be completely diverse, and none of the plaintiffs may share state citizenship with any of the defendants.   *See, e.g.*, *Carden v.Arkoma Assoc.*, 494 U.S.

---

[1]   CNA was not named as a Defendant in this action.

3

185, 187 (1990); *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806).   When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the Court may consider evidence outside the pleadings to determine the proper disposition of the motion.   *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982.)   The burden of proving subject matter jurisdiction is on the party invoking federal jurisdiction. Here, the burden is on the Plaintiff.   *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

When determining whether jurisdiction is proper, the Court must also ensure that the parties are properly aligned.   Under Fourth Circuit precedent, when determining whether a court has jurisdiction over a certain action, the court is not bound by the alignment of the parties in the pleadings.   Instead, the court has the duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Slusarek v. John Riley Co., LLC*, 2014 WL 3824036 (N.D.W.V. August 4, 2014) (slip op.), (citing *Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co*., 197 U.S. 178, 180 (1905)).   The Fourth Circuit has adopted the principal purpose test for realignment of parties, under which the district court determines the primary issue in controversy and then aligns the parties with respect to their positions on that issue. *United States Fid. & Guar. Co. v. A & S Mfg. Co*., 48 F.3d 131, 133 (4th Cir.1995).

## DISCUSSION

The Court will initially address the Defendant's request to realign the parties.   In requesting realignment, Mr. Galati argues that the "principal purpose" test requires the Court to find that his injuries are the "principal purpose" of this action, and that the Court is, therefore, required to properly align the parties, with Mr. Galati as plaintiff and Frontier, APCo and other entities as defendants.   (Def. Response to Pl.s' Motion to Dismiss, at 4.)   By contrast, APCo

4

argues that there are two primary purposes in the action: the amount of Mr. Galati's damages, and responsibility for those damages.   (Pl.s' Resp. to Def. Mot. to Dismiss, at 4.)   APCo claims that the latter issue is "equally important," and that on that issue, Frontier and APCo are "clearly adverse." (*Id*.)   It also claims that it shares an interest with Mr. Galati in determining Frontier's negligence. (*Id*.)   Thus, APCo argues that is has "properly aligned itself as plaintiff and Mr. Galati and Frontier as defendants …" (*Id*.) 321

In determining the "primary issue" in this case, the Court is required to review "the pleadings and the nature of the controversy."   *United States Fid. & Guar. Co.*, 48 F.3d at 134. The pleadings in this case clearly establish that the primary issue is whether APCo and Frontier are liable for Galati's injuries.   In commencing this action, APCo requested that the Court find, in relevant part, that Mr. Galati's accident was the result of his own negligence and that of Frontier. (Compl., at ¶32.)   APCo's remaining requests, which focus on responsibility for any damages award Mr. Galati may receive, are ancillary to that issue.   The Court, therefore, finds that the "primary issues" in this case are causation and damages: whether Mr. Galati's injuries were the result of negligence, and whether he is entitled to damages for his injuries.[2]

However, that determination does not end the Court's inquiry.   The Court must now determine whether the parties are properly aligned based on the nature of this case and controversy.

---

[2]   *United States Fid. & Guar. Co.* supports this result.   In that case, an insurer sought a declaratory judgment that (1) it had no duty to defend and indemnify the Defendant for claims arising from an insurance contract, and (2) that if such a duty existed, it was entitled to contribution from other parties.   *United States Fid. & Guar. Co*., 48 F.3d at 131. One of the defendants moved to realign the parties, and the district court granted the motion, finding that the "principal purpose" of the litigation was to determine duties under the contract, and that questions of contribution were "ancillary" to this issue.   *Id*. at 131, 134.   The Fourth Circuit affirmed, noting that "practicalities undergird the district court's reasoning."   *Id.* at 134.   Specifically, the Fourth Circuit noted that a "court deciding the merits of [the] controversy would first have to decide" whether a duty existed, then determine "the insurers' liability to each other." *Id.*   The same practical considerations apply here.   Before determining if APCo is entitled to indemnification or contractual contribution from Frontier, the Court must determine if APCo is liable for the injuries to Mr. Galati.   Thus, causation for Mr. Galati's injuries, and any damages arising therefrom, is the "principal purpose" of this case.

5

Mr. Galati is naturally adverse to APCo and Frontier on the issues of causation and damages. Accordingly, for purposes of the Court's diversity jurisdiction, the Court realigns Mr. Galati as the plaintiff in this action, and realigns APCo as a defendant, alongside Frontier and CNA.  This realignment allows APCo to pursue cross-claims against Frontier for indemnification, and, in the event that APCo is found to be negligent, for contractual contribution.

Having properly aligned the parties, the Court must now assess whether jurisdiction exists for the present case.    The Court finds that the present case fails to satisfy the requirements of diversity jurisdiction.   As APCo alleges, both Mr. Galati, as plaintiff, and Frontier, as defendant, are citizens of West Virginia.   Therefore, the restyled action fails to satisfy the "complete diversity" requirement of 28 U.S.C. §1332(a).   Because the Court lacks subject matter jurisdiction over this case, the Court need not consider Mr. Galati's remaining grounds for seeking dismissal.

## CONCLUSION

Wherefore, following thorough review and careful consideration, the Court **ORDERS** that the *Motions to Realign the Parties, Dismiss for Lack of Subject Matter and Personal Jurisdiction, and to Exercise Court's Discretion to Dismiss under 28 U.S.C. §2201* (Document 6) be **GRANTED** and that this matter be **DISMISSED** from the docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:        December 1, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6